UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONDELL JOHNSON,                       No. C 10-416 SI (pr)

       Petitioner,                       **ORDER TO SHOW CAUSE**

    v.

Warden JAQUEZ,

       Respondent.
_____/

## INTRODUCTION

Rondell Johnson, an inmate at Pelican Bay State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review, the court determined that the petition appeared to be untimely and directed respondent to either move to dismiss or notify the court that such a motion appeared unwarranted. Respondent notified the court that a motion to dismiss as untimely was unwarranted in this action. Having received that information, the court now proceeds to review the claims in the petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Johnson states in his petition that he was convicted in the Alameda County Superior Court of murder, assault with a deadly weapon and robbery. He was sentenced in March 2006 to 75 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied in 2008. He apparently filed one or more state habeas petitions. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The body of the petition alleged two claims: (1) Johnson received ineffective assistance of trial counsel in that counsel did not raise the issue of a delayed arraignment; and (2) Johnson was denied due process in that he was denied a "fair and independent appellate review" due to a conflict of interest in that one of the pro tem justices on his court of appeal panel was a judge from the same county and courthouse in which Johnson was convicted. Petition, p. 6. Liberally construed, the two claims appear to be cognizable in a federal habeas action and warrant a response.

In the attachment to the petition, Johnson created some confusion as to whether he was attempting to raise other claims. He wrote:

> Do to my non-legal skills I filed several grounds that was raised and rejected. Grounds 1, 4, 5, 6, 7.
> 1) Physical line-up was unfair and unjust.
> 4) Arraignment was illegally delayed.
> 5) Illegal conviction of two counts based on insufficient evidence.
> 6) Illegal conviction on four counts based on insufficient evidence.
> 7) Evidence recovered from another's residence was used against petitioner at trial there by violating his rights.
>
> I explained to the California Supreme Court that the grounds was raised and rejected, and do to my non-legal comprehension I don't wish to waste the court's valuable time. So when I filed in the California Supreme Court, there was only two (2) grounds, the same grounds that's filed with this court. I did not know they couldn't be raised if rejected on appeal.

Petition, attachment at p. 2 (errors in source). This passage appears to suggest that he is only

2

raising the two claims identified in the petition itself (i.e., for ineffective assistance of counsel and an unfair appeal) but thinks he has other claims. His statements indicated he did not exhaust state court remedies – i.e., present the claims to the California Supreme Court to give that court a fair opportunity to rule on the merits – for those other claims. If Johnson wants to assert any of these grounds as a claim for federal habeas relief, he must file an amended petition within **thirty days** of the date of this order to so indicate. Otherwise, the court will continue to assume that has chosen not to present them in this federal habeas action. If Johnson files an amended petition, he must identify in it (1) the particular constitutional right that he contends was violated in each claim, and (2) provide a brief statement of facts supporting each claim. Additionally, if he has not exhausted state court remedies for those claims, he must file a motion to stay this action so that he may return to state court to exhaust state court remedies as to the unexhausted claims. The motion to stay also must be filed withing **thirty days** of the date of this order.

**CONCLUSION**

For the foregoing reasons,

1. The petition states two cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 4, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 4, 2011**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep

3

the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. If petitioner wants to present additional claims (other than the ineffective assistance of counsel and unfair appeal claims), he must file an amended petition and a motion for a stay, if appropriate, within **thirty days** of the date of this order.

IT IS SO ORDERED.

DATED: November 30, 2010

_____
SUSAN ILLSTON
United States District Judge