United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONDELL JOHNSON,

    Petitioner,

    v.

Warden JAQUEZ,

    Respondent.
                                    /

No. C 10-416 SI (pr)

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE**

Rondell Johnson, an inmate at Pelican Bay State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After it was determined that the petition was not time-barred the court reviewed the petition and issued an order to show cause on his claims that he received ineffective assistance of counsel and that he was denied due process by an unfair appeal. The court also noted in the order to show cause that Johnson had created some confusion because he mentioned five other claims that he may or may not have wanted to present for federal habeas review but that had not been presented to the California Supreme Court. Thereafter, Johnson filed several letters and motions that only added to the confusion. Also, respondent filed an answer to the two claims that were indisputably in the petition and Johnson filed a traverse. Before the court can reach the merits of those two claims, however, the various filings by Johnson must be addressed.

Having reviewed the several filings by petition (i.e., docket #s 18-21 and 24-29), the court concludes that Johnson does want to present the five additional claims but has not fairly presented those claims to the California Supreme Court for decision. Johnson tried to file something in the California Supreme Court but that court rejected his submissions. The

California Supreme Court sent him two letters in January 2011 stating that it would not take action on his letters that he attempted to file in the habeas action that already had been terminated. See Docket # 25-2, pp. 1, 3. In both letters, the court clerk instructed Johnson that, if he wanted to file a new petition for writ of habeas corpus in the California Supreme Court, he could do so using that court's forms provided to him. Johnson apparently did not follow the instructions and instead sent letters to the clerk using the case number for the terminated habeas action (docket # 25-2, pp. 2, 4) and a federal habeas petition form marked as an "amended petition" (docket # 25-3). The California court website shows that no new habeas action has been filed by Johnson in the California Supreme Court or the First District Court of Appeal (i.e., the appellate court for the county of his conviction) since those letters were sent to him. Further complicating matters is the fact that Johnson was admitted to a mental health crisis bed for a couple of weeks in February 2011, and a *Keyhea* action may have been commenced to involuntarily medicate him with psychotropic medications. *See* Docket # 28. The bottom line is that it is clear that Johnson wants federal habeas review of his five claims but it is equally clear that he admits he has not exhausted state court remedies for those claims. This court cannot grant relief on his unexhausted claims, *see* 28 U.S.C. § 2254(c).

In light of the foregoing, the court GRANTS Johnson's motion to stay (docket # 19) and DENIES his motion to file an amended petition (docket # 25). A stay is appropriate so that Johnson may exhaust state court remedies for his unexhausted claims. A motion to amend the petition is premature because he has not yet exhausted state court remedies for the additional claims he wants to present in that amended petition.

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Johnson exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add his new claims. Johnson must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (a stay and abeyance "is only

appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner); *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003).  One way for Johnson to try to exhaust his state court remedies is to follow the directions of the California Supreme Court by filing a new petition for writ of habeas corpus in that court that (a) uses the habeas petition form the California Supreme Court sent to him, (b) sets out the five additional claims, (c) does *not* include the old habeas case number, and (d) provides the number of copies that the California Supreme Court requires.

    IT IS SO ORDERED.

DATED: June 21, 2011

                                                        SUSAN ILLSTON
                                            United States District Judge