UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDELL JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>Warden JAQUEZ,<br><br>    Respondent.<br>                                 / | No. C 10-416 SI (pr)<br><br>**ORDER REGARDING FURTHER AMENDMENT** |

The court granted petitioner's request to reopen this action upon his report that he had exhausted state court remedies. *See* April 20, 2012 Order Reopening Action, Lifting Stay and Setting Briefing Schedule ("the April 20, 2012 Order"). The court lifted the stay and set a briefing schedule for the "rewrote petition" petitioner had attached to his motion to reopen the action. The court construed the "rewrote petition" to be an amended petition, identified the five cognizable claims in it and dismissed some other claims. The claims that were dismissed were dismissed because (a) no violation of the Constitution, laws or treaties of the United States had been alleged, (b) the claims were state law error claims, and (c) one claim was a Fourth Amendment claim for which federal habeas relief was not available.

Petitioner has filed a document entitled "responding to order reopening action, lifting stay and setting briefing schedule." (Docket # 41.) The document makes little sense, but does seem to indicate that petitioner wants to file some sort of amendment and wants the court not to dismiss claims. To resolve the confusion caused by petitioner's filing, the court will give him an opportunity to file an amendment to his petition to explain why any claim(s) other than the five claims identified as cognizable in the April 20, 2012 Order should be allowed to proceed.

No later than **June 15, 2012**, petitioner may file an "amendment to amended petition" in which he identifies any additional claims he wants the court to consider (other than those in identified as cognizable in the April 20, 2012 Order). Petitioner may not include in his amendment any argument about the five claims that the court already identified as cognizable. Any new or additional claim not identified in the amendment will not be allowed to proceed in this action. As to each claim that petitioner does include in his amendment, he must (a) state whether he exhausted state court remedies as to that claim, (b) identify the specific federal constitutional violation that he alleges has occurred, and (c) describe the facts supporting that claim.

In light of the possibility that petitioner wants to further amend, the briefing schedule in the April 20, 2012 Order is now vacated. Once petitioner's amendment issues are tended to, the court will reset the briefing schedule.

IT IS SO ORDERED.

DATED: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge