United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONDELL JOHNSON,<br><br>   Petitioner,<br><br>   v.<br><br>Warden JAQUEZ,<br><br>   Respondent.<br>_____ / | No. C 10-416 SI (pr)<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

This action was stayed and administratively closed so that petitioner could exhaust state court remedies as to several of the claims in the petition. After petitioner exhausted state court remedies, the court lifted the stay and set a briefing schedule on the five cognizable claims. *See* Order Reopening Action, Lifting Stay and Setting Briefing Schedule (Docket # 39), pp. 1-4. The court later noted that petitioner had filed a document that caused confusion as to whether he had additional claims, and permitted him "to file an 'amendment to amended petition' in which he identifies any additional claims he wants the court to consider (other than those identified as cognizable in the April 20, 2012 Order.)." Order Regarding Further Amendment (Docket # 42), p. 2. Petitioner then filed an "Amendment to Amended Petition" (Docket # 44) that identified no additional cognizable federal claims.

This action is now ready to proceed with only the following claims:

First, Johnson alleges that his right to due process and his Sixth Amendment right to confront witnesses were violated when he "was viewed and identified in an unfair suggestive lineup." Docket # 37-2, p. 2.

Second, Johnson alleges that trial counsel provided ineffective assistance of counsel in that he did not assert a "delayed arraignment" argument, apparently in connection with a challenge to the lineup. *Id.* at 10. Johnson alleges that if he had been arraigned "before the physical lineup[,] he would have had [an] attorney represent him

at and before the physical lineup," who would monitor the lineup and prevent the perceived unfairness in it. *Id.*

Third, Johnson contends he was "denied fair and independent [appellate] review, because a pro tem justice on the Court of Appeal panel" that decided his case was a superior court judge from the same county and courthouse in which his trial was held. *Id.* at 12. This claim appears to be a claim for judicial bias in violation of his rights under the Fourteenth Amendment's Due Process Clause. *See id.* at 13.

Fourth, Johnson contends he was denied his right to a prompt arraignment before the lineup. *Id.* at 15.

Fifth, Johnson contends he was denied counsel at the physical lineup. Although Johnson does not have a separately numbered claim that he was denied counsel at the lineup, the claim is made within the text of his first and fourth claims. *See id.* at 6, 15-16.

Docket # 39, pp. 1-2.   All other claims are dismissed.

In order to move this action toward resolution, the court now sets the following briefing schedule on the five claims remaining for adjudication: Respondent must file and serve his response no later than **September 28, 2012**. Petitioner must file and serve his traverse no later than **November 2, 2012.**

IT IS SO ORDERED.

DATED: July 23, 2012

SUSAN ILLSTON
United States District Judge

2